**Chun Sheng LU, Petitioner–Appellant,**

**v.**

**Alberto R. GONZALES, Attorney General of the United States; Mary Ann Gantner, District Director, Uscis;***

---

* The Clerk of Court is requested to change the official caption from USICE to USCIS to reflect Mary Ann Gantner's correct agency affil-

68

and Michael Chertoff,** Department of Homeland Security, Respondents–Appellees.

No. 05–0665–PR.

United States Court of Appeals, Second Circuit.

May 24, 2006.

iation, U.S. Citizenship and Immigration Services.

** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft, and Homeland Security Secretary Michael Chertoff is automatically substituted for former

Yee Ling Poon (Robert Duk–Hwan Kim), Law Offices of Yee Ling Poon, New York, NY, for Petitioner–Appellant, of counsel.

David S. Rubenstein, Assistant United States Attorney (Sara L. Shudofsky), for David N. Kelley, United States Attorney for the Southern District of New York, New York, N.Y., for Respondents–Appellees, of counsel.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. GUIDO CALABRESI, and Hon. ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED**, the petition for a writ of habeas corpus is converted into a petition for review, and the petition for review is **DENIED**.

Petitioner-appellant Chun Sheng Lu appeals the district court's dismissal of his petition for a writ of habeas corpus seeking to set aside an order of exclusion issued by Immigration Judge ("IJ") Gabriel C. Videla, *In re Chun Sheng Lu*, No. A29–113–474 (IJ July 30, 2001), and affirmed by the Board of Immigration Appeals ("BIA").[1] The district court dismissed the

Secretary Tom Ridge as respondents in this case.

1. On appeal to the BIA and in his habeas petition in the district court, Lu also challenged the IJ's denial of his claim for relief under the Convention Against Torture ("CAT"). Because he does not raise the denial of his CAT claim in his briefs to this Court, we deem any challenge to that denial aban-

petition on the grounds that (1) because Lu stipulated to the "with prejudice" withdrawal of his petition for review in this Court of the BIA's decision, *res judicata* barred his claims for habeas relief, and (2) even if *res judicata* did not apply, Lu's deliberate decision not to pursue relief through a petition for review precluded habeas relief because he had failed to exhaust judicial remedies.

We presume the parties' familiarity with the facts, the procedural history, and the scope of the issues presented on appeal, which we reference only as necessary to explain our decision.

We note initially that the REAL ID Act of 2005, Pub. L. No. 109–13, 119 Stat. 231, 302, eliminated habeas corpus review of final orders of removal, deportation, or exclusion. *See id.* § 106(c), 119 Stat. at 311. The Act specifies that any 28 U.S.C. § 2241 petition pending in the district court at the time of enactment must be "transferred to the court of appeals in which the petition could have been properly brought as a petition for review from a final order of removal under 8 U.S.C. § 1252." *Marquez–Almanzar v. INS*, 418 F.3d 210, 212 (2d Cir.2005). The REAL ID Act is silent as to habeas petitions that, like Lu's, were pending in the court of appeals at the time of the Act's enactment, on May 11, 2005, but we have construed the Act as requiring that such petitions also be converted into petitions for review under 8 U.S.C. § 1252. *See Gittens v. Menifee*, 428 F.3d 382, 383 (2d Cir.2005) (per curiam). Accordingly, we vacate the decision of the district court and convert Lu's appeal into a petition for review of a final order of exclusion under 8 U.S.C. § 1252.

Because Lu does not challenge the denial of his CAT claim, our review is limited to the BIA's summary affirmance of the IJ's denial of his motion to reopen his exclusion proceedings, *see In re Chun Sheng Lu*, No. A29–113–474 (BIA July 20, 2000). We review the BIA's denial of a motion to reopen for abuse of discretion. *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). Where the BIA summarily affirms an IJ's decision, we review the decision of the IJ directly as the final agency determination. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005).

Assuming *arguendo* that Lu's claims for relief are not precluded, as a threshold matter, by *res judicata* or by failure to exhaust judicial remedies,[2] the IJ did not abuse his discretion in denying Lu's motion to reopen his exclusion proceedings. Lu was ordered excluded *in absentia* because he failed to appear at his December 6, 1996 hearing before the IJ despite receiving actual notice of the date, time, and place. Lu concedes that he received actual notice but argues that he had "reasonable cause" for his failure to appear. He contends that, because the "A-number" included in his Referral Notice was different from the number under which his case was docketed, his attorney was unable to double-check his hearing date and, for that reason, advised him not to appear.

We have held that, "[i]n general, when a respondent who has been ordered excluded *in absentia* moves to reopen the proceedings by showing reasonable cause, the IJ has broad discretion to grant or deny that motion based on all the facts and circumstances involved, including the general strength and plausibility of the evidentiary

---

doned. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir.1995).

2. We express no opinion on whether *res judicata* bars habeas corpus review of claims included in an 8 U.S.C. § 1252 petition for review that is withdrawn with prejudice.

showing that the movant has made." *Twum*, 411 F.3d at 58 (internal citation and quotation marks omitted). Here, Lu was personally served with and personally signed a form I–122, the notice instructing him to appear on the specified date. The form, which did not itself include an "A-number," said that it was "the only notice you will receive of the hearing set for this date." Under the circumstances, the IJ did not abuse his discretion in finding that Lu's confusion as to the A-numbers was not "reasonable cause" for his failure to appear.[3]

We have considered all of Lu's other arguments and find them to be without merit. The petition for review is therefore DENIED and the decision of the district court is VACATED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot.

---

**3.** Assuming *arguendo* that Lu's claim that he was denied due process because of confusion related to his A-number was properly exhausted, it is also without merit. *See generally Fuentes–Argueta v. INS*, 101 F.3d 867, 872 (2d Cir.1996) (per curiam) (stating that notice of deportation proceedings by certified mail "fits well within the bounds of the process due to a litigant or prospective litigant").